UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------------x
Althilia Moore

               Plaintiff,                                                    Index No: 3:18-cv-835

        -against-                                                    Demand for Trial by Jury

Trans Union, LLC,
Westlake Financial Services, LLC,
American Honda Finance Corporation.

               Defendant(s).
------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Althilia Moore ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Trans Union LLC ("Trans Union"), Defendant Westlake Financial Services, LLC ("Westlake"), and Defendant American Honda Finance Corporation ("Honda"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Connecticut, County of Hartford, residing at 60 Mountain Laurel Drive, Wethersfield, CT, 06109.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Trans Union, LLC. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Trans Union is a Delaware corporation registered to do business in the State of Connecticut, and may be served with process upon The Prentice-Hall Corporation System, Inc., its registered agent for service of process at 50 Weston Street, Hartford, CT, 06120.

7. At all times material here to Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Westlake Services, LLC is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at for service c/o corporate creations network inc., 615 W Johnson Ave, Ste 202, Cheshire, CT, 06410.

10. Defendant American Honda Finance Corporation is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at for service c/o CT Corporation at 67 Burnside Ave, East Hartford, CT, 06108.

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Westlake Account

12. On information and belief, on a date better known to Defendant Trans Union, Trans Union prepared and issued credit reports concerning the Plaintiff that included inaccurate information regarding the Westlake account.

13. Plaintiff notified Trans Union that she disputed the accuracy of the information Trans Union was reporting, on or around January 3, 2018 specifically stating in a letter that she was disputing the late payments being noted on her credit report regarding the Westlake account, and further the account is notated as both charge off and paid in full.

14. If the account was paid in full it should be in good standing.

15. Upon receipt of the dispute of the account from the Plaintiff by Trans Union, Westlake failed to conduct a reasonable investigation, merely verified the account and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account, and also failed to add a disputed notation.

16. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, Trans Union did not evaluate or consider

any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

### Honda Account

17. On information and belief, on a date better known to Defendant Trans Union, Trans Union prepared and issued credit reports concerning the Plaintiff that included inaccurate information regarding the Honda account.

18. Plaintiff notified Trans Union that she disputed the accuracy of the information Trans Union was reporting, on or around January 3, 2018 specifically stating in a letter that she was disputing the listed balance.

19. Upon receipt of the dispute of the account from the Plaintiff by Trans Union, Honda failed to conduct a reasonable investigation, merely verified the account and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account, and also failed to add a disputed notation.

20. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, Trans Union did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Trans Union)

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

22. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

23. Trans Union violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning the Plaintiff.

24. Trans Union has willfully and recklessly failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

    h) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

25. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

26. The conduct, action and inaction of Trans Union was willful rendering Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

27. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Althilia Moore, an individual, demands judgment in her favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Trans Union)

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

29. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

30. Trans Union violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

31. Trans Union has negligently failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

  f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

  g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

  h) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

32. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

33. The conduct, action and inaction of Trans Union was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

34. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Althilia Moore, an individual, demands judgment in her favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to Westlake.)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

36. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

37. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

38. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

39. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as Westlake must report the results to other agencies which were supplied such information.

40. The Defendant violated 15 U.S.C. § 1681s by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

41. As a result of the conduct, action and inaction of the Defendant Westlake, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

42. The conduct, action and inaction of Defendant Westlake was willful, rendering Westlake liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

43. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Westlake in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Althilia Moore, an individual, demands judgment in her favor against Defendant, Westlake, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Westlake)

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

45. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

46. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

47. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

48. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a

furnisher such as Westlake must report the results to other agencies which were supplied such information.

49. After receiving the Dispute Notice from Trans Union, Westlake negligently failed to conduct its reinvestigation in good faith.

50. A reasonable investigation would require a furnisher such as Westlake to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

51. The conduct, action and inaction of Defendant Westlake was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

52. As a result of the conduct, action and inaction of Westlake, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

53. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Westlake in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Althilia Moore, an individual, demands judgment in her favor against Defendant, Westlake, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### FIFTH CAUSE OF ACTION
**(Willful Violation of the FCRA as to Honda.)**

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

55. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

56. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

57. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

58. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as Honda must report the results to other agencies which were supplied such information.

59. The Defendant violated 15 U.S.C. § 1681s by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

60. As a result of the conduct, action and inaction of the Defendant Honda, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

61. The conduct, action and inaction of Defendant Honda was willful, rendering Honda liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

62. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Honda in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Althilia Moore, an individual, demands judgment in her favor against Defendant, Honda, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **SIXTH CAUSE OF ACTION**
### **(Negligent Violation of the FCRA as to Honda)**

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

64. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

65. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

66. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

67. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a

furnisher such as Honda must report the results to other agencies which were supplied such information.

68. After receiving the Dispute Notice from Trans Union, Honda negligently failed to conduct its reinvestigation in good faith.

69. A reasonable investigation would require a furnisher such as Honda to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

70. The conduct, action and inaction of Defendant Honda was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

71. As a result of the conduct, action and inaction of Honda, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

72. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Honda in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Althilia Moore, an individual, demands judgment in her favor against Defendant, Honda, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **DEMAND FOR TRIAL BY JURY**

73. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from the each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  Hackensack, New Jersey
May 17, 2018

/s/ Yaakov Saks
CT Bar No. CT30021
**RC Law Group, PLLC**
By:  Yaakov Saks
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 101
Fax: (201) 282-6501